# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

FILED
Lucinda B. Rauback, Acting Clerk
United States Bankruptcy Court
Savannah, Georgia
By camerson at 2:32 pm, Aug 08, 2012

In the matter of: )
)  Chapter 11 Case
GEORGE RUEL JOYNER, SR. )
SARAH METALIS JOYNER )  Number 12-40264
)
  *Debtors* )

### OPINION AND ORDER
### ON TRUSTEE'S OBJECTION TO DEBTORS' EXEMPTION

This matter comes before the Court on the United States Trustee's Objection to Debtor's Claimed Exemption of the cash value of three life insurance policies.

### FINDINGS OF FACT

Debtors, George and Sarah Joyner, filed joint Chapter 11 bankruptcy February 6, 2012. Debtors own three life insurance policies: (1) New York Life Whole Life Insurance Policy, cash surrender value of $20,915.65; (2) Prudential Life Whole Life Insurance Policy (7202), cash surrender value of $12,859.00; (3) Prudential Life Whole Life Insurance Policy (5706), cash surrender value of $1,893.00. Schedule C, Dckt. No. 1, 17 (Feb. 6, 2012). Debtors claimed the cash value up to $2,000.00 in the first two life insurance policies, under O.C.G.A. § 44-13-100(a)(9). *Id.* They claimed the remainder of the cash value in the three life insurance policies, $31,667.65, under O.C.G.A. § 33-25-11. *Id.* The United States Trustee objected to Debtors' claim of $31,667.65 utilizing O.C.G.A. § 33-25-11, relying in part on this Court's holding in In re Ryan, 2012 WL 423854 (Bankr. S.D. Ga.

Jan. 19, 2012) (Davis, J.), which held that O.C.G.A. § 33-25-11 did not apply in the bankruptcy context.

A hearing was held on the matter, April 17, 2012, and both parties have filed briefs. Dckt. No. 29; Dckt. No. 32; Dckt. No. 35; Dckt. No. 42. Debtors challenge this Court's decision in Ryan and attack the constitutionality of O.C.G.A. § 44-33-100, Georgia's Bankruptcy Exemption Statute, under both the Constitution of the State of Georgia and the Constitution of the United States.

## CONCLUSIONS OF LAW

*A. Constitution of the State of Georgia*

The Equal Protection Clause of the Georgia Constitution states "[p]rotection to person and property is the paramount duty of government and shall be impartial and complete. No person shall be denied the equal protection of the laws." GA. CONST. art. I, § I, para. II.

Being a debtor in bankruptcy does not make that person a member of a suspect class. Because no fundamental right or suspect class is involved the applicable standard of review is the rational relationship test. Grissom v. Gleason, 418 S.E.2d 27, 30 (Ga. 1992). "Statutory classifications are permitted when the classification is based on rational distinctions and bears a direct relationship to the purpose of the legislation." *Id.* (*citing* Home Materials, Inc. v. Home Owners Ins. Co., 300 S.E.2d 139, 141 (Ga. 1983)).

Bankruptcy debtors submit themselves to the authority of the court and the Code in order to receive a "fresh start" after discharge or reduction of their debts. In contrast non-bankruptcy debtors do not submit themselves to the authority of the court and continue to pay their debts in full. The purpose of bankruptcy is to give debtors a "fresh start" while insuring that creditors get a fair and equitable share of their debts paid. BFP v. Resolution Trust Corp., 511 U.S. 531, 569 (1994); Kokoszka v. Belford, 417 U.S. 642, 645-46 (1974); Young v. Higbee Co., 324 U.S. 204, 210 (1945).

Since Congress permitted states to opt out of the federal exemption scheme, in 11 U.S.C. § 522(b), Congress granted Georgia the right to balance the exemptions afforded to bankruptcy debtors in order to achieve a "fresh start" with the interest of creditors. I find the distinct treatment in protecting insurance cash surrender values from creditor actions so long as the policy holder is not in bankruptcy and is, presumably, paying all legitimate obligations to be a rational one. Once the individual files bankruptcy, it is likewise rational to treat cash surrender value differently in that debtors are seeking to discharge some or all of their debts, and the *quid pro quo* for a bankruptcy discharge is the surrender of whatever property the legislature has not exempted under its "opt out" authority granted by Congress. Thus, the Bankruptcy Exemption Statute does not violate the Equal Protection Clause of the Georgia Constitution.

*B. Constitution of the United States*

Neither the District Court for the Southern District of Georgia nor the

Eleventh Circuit have ruled on the constitutionality of Georgia's Bankruptcy Exemption Statute. Looking to other jurisdictions, there is a split in the case law, with the majority of circuits that have issued rulings upholding the constitutionality of a state statute providing exemptions specifically to bankruptcy debtors. Sheehan v. Peveich, 574 F.3d 248 (4th Cir. 2009) (upholding constitutionality of West Virginia's bankruptcy specific exemption statute); Storer v. French (In re Storer), 58 F.3d 1125 (6th Cir. 1995) (upholding constitutionality of Ohio statute); Kulp v. Zeman (In re Kulp), 949 F.2d 1106 (10th Cir. 1991) (upholding constitutionality of Colorado exemption statute).

Parties attacking the constitutionality of state exemption statutes that apply only in bankruptcy focus on three provisions of the Constitution: (1) the uniformity provision of the Bankruptcy Clause, (2) the Supremacy Clause, and (3) the Equal Protection Clause. For the reasons discussed below, I do not find these arguments persuasive and thus uphold the constitutionality of Georgia's Bankruptcy Statute under the United States Constitution.

(1) Uniformity Provision of the Bankruptcy Clause. The uniformity provision of the Bankruptcy Clause of the United States Constitution grants Congress the power to "establish . . . uniform Laws on the subject of Bankruptcies throughout the United States." U.S. CONST. art. I, § 8, cl. 4.

In challenging the constitutionality of Georgia's Bankruptcy Exemption Statute under this provision, Debtors rely on a narrow interpretation of the United States

AO 72A
(Rev. 8/82)

4

Supreme Court's holding in Hanover National Bank v. Moyses, 186 U.S. 181, 188 (1902), which required statutes relating to bankruptcy to have "geographic" uniformity rather than "personal" uniformity. Debtors rely on the Supreme Court's statement that

> the system is, in the constitutional sense, uniform throughout the United States, when the trustee takes in each state whatever would have been available to the creditor if the bankrupt law had not been passed. The general operation of the law is uniform although it may result in certain particulars differently in different states.

*Id.* at 190. However, Debtors omitted the next sentence of the Opinion, in which the Supreme Court went on to state, "[n]or can we perceive in the recognition of the local law in the matter of exemptions, dower, priority of payments, and the like, any attempt by Congress to unlawfully delegate its legislative power." *Id.* Thus, the Supreme Court recognized that states may have differing exemptions available to debtors in bankruptcy.

The Moyses Court focused on the constitutionality of the applicable Bankruptcy Act of 1898. The creditor argued that the Bankruptcy Act of 1898 was not uniform because it allowed states exemptions to apply, but the Supreme Court held that allowing state exemptions to apply was "uniform" not because the result in every state was identical, but because the federal scheme of allowing states to determine exemptions was being applied uniformly. Drummond v. Urban (In re Urban), 375 B.R. 882, 889-92 (B.A.P. 9th Cir. 2007). The Supreme Court reiterated that

5

> [t]he uniformity requirement is not a straightjacket that forbids Congress to distinguish among classes of debtors, nor does it prohibit Congress from recognizing that state laws do not treat commercial transactions in a uniform manner. A bankruptcy law may be uniform and yet 'may recognize the laws of the State in certain particulars, although such recognition may lead to different results in different states.'

In <u>Ry. Labor Execs.' Ass'n v. Gibbons</u>, 455 U.S. 457, 469 (1982) (*quoting* <u>Stellwagen v. Clum</u>, 245 U.S. 605, 613 (1918)).

Debtors attempt to apply the uniformity provision of the Bankruptcy Clause as if it is a provision which limits states from differing between bankrupt individuals and those who are not. The Uniformity Clause is not a restriction upon the states. <u>In re Cross</u>, 255 B.R. 25, 31(Bankr. N.D. Ind. 2000); *see* <u>Coleman v. Harris (In re Harris)</u>, 1999 WL 33587416, *3 (Bankr. S.D. Ga.) (Dalis, J.) ("'Nothing in subsection (b) (or elsewhere in the code) limits a State's power to restrict the scope of its exemption; indeed, it could theoretically accord no exemptions at all.'") (*quoting* <u>Owen v. Owen</u>, 500 U.S. 305, 308 (1991). It is a limiting provision applied to the authority to pass bankruptcy laws granted to Congress. Congress may pass bankruptcy laws within the limitation that they be uniform.[1] <u>Cross</u>, 255 B.R. at 31 (*citing* <u>Gibbons</u>, 455 U.S. at 468) ("It is included among the powers

---

[1] The few courts that have held a state exemption statute unconstitutional under the uniformity provision and relied on the quote in <u>Moyses</u> cited by Debtor, miss the point. <u>Moyses</u> must be read within the context in which it was written; nothing in that opinion changes the fact that the uniformity provision of the Bankruptcy Clause of the U.S. Constitution applies to Congress, not the states. The law that limits states' authority to pass laws on bankruptcies is the Supremacy Clause, and under 11 U.S.C. § 522 the power to create exemptions has been, constitutionally, delegated to the states.

which are granted to Congress–in this instance the authority to enact bankruptcy legislation–and it operates as a limitation on the type of bankruptcy laws Congress may enact."). The Gibbons Court found an act passed by Congress that applied only to one specific bankruptcy debtor, "a private bankruptcy law," violated the uniformity provision of the Bankruptcy Clause. *Id.* at 472. This marked the first time the Supreme Court invalidated a statute for violating the uniformity provision of the Bankruptcy Clause. *Id.* at 469. To the extent Debtors focus on the disparate treatment of individuals in state law, they are making an equal protection argument, which this Court already addressed and found unconvincing.

(2) Supremacy Clause. "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. CONST. art. VI, cl. 2.

Any state law "which frustrates the full effectiveness of federal law is rendered invalid by the Supremacy Clause." Perez v. Campbell, 402 U.S. 637, 652 (1971). Determining whether a state law conflicts with a federal law is a two step process: (1) the court must determine the meaning of each statute, and then (2) it must decide, based on these meanings, if they conflict. *Id.* at 644.

The purpose of the Georgia Bankruptcy Exemption Statute is to opt out of

the federal exemption scheme in favor of state determined exemptions pursuant to 11 U.S.C. § 522(b). Because, in section 522(b), Congress expressly permitted states to opt out of the federal exemptions, the two statutes are not in conflict, the Supremacy Clause is not violated, and the Georgia Bankruptcy Exemption Statute is not preempted. Kulp, 949 F.2d at 1109, n. 3.

(3) Equal Protection Clause. Debtors did not challenge the constitutionality of Georgia's Bankruptcy Exemption Statute under the Equal Protection Clause of the United States Constitution. However, even if they had, this argument would fail under the United States Constitution just as it did under the similar state provision. *See supra* ¶. 2-4.

This Court upholds the constitutionality of O.C.G.A. § 44-13-100(a)(9) because the statute does not violate the uniformity provision of the Bankruptcy Clause, the Supremacy Clause, or the Equal Protection Clause.

*C. In re Ryan*

This Court has previously held that O.C.G.A. § 33-25-11 is not available to a debtor in bankruptcy.[2] O.C.G.A. § 33-25-11 does not use the word "exempt" in protecting the cash surrender value of life insurance policies. I found that distinction critical in Ryan because Georgia's Workers' Compensation Statute, O.C.G.A. § 34-9-84, uses that term.

---

[2] In Ryan, this Court agreed with Judge Smith's reasoning in In re Allen, 2010 WL 3958171 (Bankr. M.D. Ga. Oct. 4, 2010). Since Ryan, Judge Barrett and Judge Walker have concurred with the reasoning and holding of Ryan and Allen. In re Sapp, Case. No. 11-30468 (Bankr. S.D. Ga. Jun. 15, 2012) (Barrett, J.); In re Dean, 470 B.R. 643 (Bankr. M.D. Ga. 2012) (Walker, J.).

AO 72A
(Rev. 8/82)

8

Furthermore, O.C.G.A. § 44-13-100 is the more specific statute because it addresses the exemption of the cash surrender value of life insurance policies in the bankruptcy context, unlike O.C.G.A. § 33-25-11, which protects the cash surrender value of life insurance policies from creditors, generally, but does not purport to limit Bankruptcy trustees' rights, and does not purport to classify it as "exempt" property. Finally, applying O.C.G.A. § 33-25-11 in the bankruptcy setting would eviscerate O.C.G.A. § 44-13-100(a)(9), and this Court will not read a statute this way without clear instruction from the legislature.

Thus, I reaffirm my holding in In re Ryan.

ORDER

Based on the foregoing Findings of Fact and Conclusions of Law, it is the ORDER of this Court that Debtors' exemption in the life insurance policies is limited to $2,000.00 for each Debtor.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 7th day of August, 2012.